UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORELLE THOMPSON,

    Plaintiff,

v.                                          Case No. 20-12044

FORD MOTOR COMPANY,         Sean F. Cox
                                                 United States District Court Judge

    Defendant.
_____/

**OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION TO TRANSFER**

Plaintiff Lorelle Thompson ("Plaintiff") filed suit against Defendant Ford Motor Company ("Ford"), alleging that she incurred serious injuries on December 27, 2016, arising from a defective Ford Expedition. The case was originally filed in federal court in Colorado, but was later transferred to this district, and was assigned to the Honorable Arthur J. Tarnow. This case was reassigned to the undersigned judge last month. The matter is now before this Court on Plaintiff's Motion to Transfer, brought pursuant to 28 U.S.C. § 1404(a). The parties have extensively briefed the issues and the Court concludes that oral argument is not necessary. For the reasons below, the Court shall GRANT Plaintiff's motion and shall transfer this case back to the United States District Court for the District of Colorado.

**BACKGROUND**

On December 26, 2018, Plaintiff filed suit against Ford in the United States District Court for the District of Colorado. That case was given Case Number 18-3324 and was assigned to the Honorable William J. Martinez. Plaintiff's complaint alleges that Plaintiff incurred serious

1

injuries on December 27, 2016, arising from a defective Ford Expedition. Her complaint asserts product liability claims, and claims for general negligence, gross negligence, reckless conduct, breach of warranty, and fraud.

Ford filed a Motion to Dismiss, asserting that the Colorado district court lacked personal jurisdiction over it. The district court stayed discovery while it considered the motion.

The district court ultimately issued an order granting Ford's Motion to Dismiss and dismissing the case without prejudice, for lack of personal jurisdiction, on September 24, 2019. A Final Judgment was entered that same day.

On October 22, 2019, Plaintiff filed a motion seeking reconsideration of the district court's September 24, 2019 Order. On that same day, Plaintiff also filed a "Motion To Alter Judgment For The Purpose Of Filing Motion To Transfer, Subject To Plaintiff's Motion For Reconsideration And Appeal."

On July 16, 2020, the district court denied Plaintiff's Motion for Reconsideration and reserved decision on her Motion to Alter Final Judgment. At that time, the district court explained that the relief requested in Plaintiff's Motion to Alter Final Judgment was outside the court's power. The district court directed Plaintiff to inform the Court whether she would rather have the Court: 1) vacate the final Judgment so that she can file her Motion to Transfer; or 2) leave the final Judgment in place so that she can directly appeal the district court's September 24, 2019 Order.

Plaintiff then requested that the court vacate the final Judgment, grant Plaintiff leave to file her Motion to Transfer, and transfer the case to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1631.

The district court granted that relief. In doing so, it noted that while Plaintiff could have filed suit in Michigan once the district court dismissed her suit for lack of personal jurisdiction, the statute of limitations had since expired. The district court vacated the Final Judgment in the case and ordered the case transferred to the United States District Court for the Eastern District of Michigan, pursuant to 28 U.S.C. § 1631, on July 29, 2020.

Upon transfer to this district, the case was assigned to the Honorable Arthur J. Tarnow, and given Case Number 20-12044, on July 30, 2020.

On August 12, 2020, Ford filed a "Partial Motion To Dismiss Plaintiff's Complaint." (ECF No. 7). In that motion, Ford argued that Michigan (not Colorado) law applies to Plaintiff's claims and that some of Plaintiff's claims fail under Michigan law.

In response, Plaintiff filed a combined brief in opposition to Ford's motion and her own "Partial Motion For Summary Judgment On Application Of Colorado Law." (ECF No. 10). Plaintiff contends that Colorado law should apply to her claims.

The docket reflects that these two motions were fully briefed as of October 7, 2020. But they were not set for hearing at that time.

Judge Tarnow held a Scheduling Conference with the parties on November 9, 2020. After that conference, he issued a Scheduling Order in this case that provided: 1) all discovery had to be completed by July 9, 2021; 2) all dispositive motions had to be filed by August 9, 2021; and 3) the Final Pretrial Conference would be held on November 23, 2021. (ECF No. 16).

On January 6, 2021, Judge Tarnow noticed Ford's Motion to Dismiss to be heard by the Court on February 11, 2021.

For reasons unknown to the undersigned, the scheduled motion hearing was not held. A

February 11, 2021 docket entry stated "Motion hearing not held.  Counsel to confer and report status to Court by 4/12/21."

On February 18, 2021, Judge Tarnow issued a text-only order "closing administratively" Ford's motion, stating "Counsel may reinstate motion after 4/12/21 report back date if necessary."

On March 25, 2021, the United States Supreme Court issued its decision in *Ford Motor Company v. Montana Eighth Judicial District Court*, 141 S.Ct. 1017 (March 25, 2021).  That case addressed two different product-liability cases against Ford.  Ford argued that personal jurisdiction was improper "because the particular car involved in the crash was not first sold in the forum State, nor was it designed or manufactured there." *Id*. at 1022.  The Supreme Court rejected that argument, holding that "[w]hen a company like Ford serves a market for a product in a State and that product causes injury in the State to one of its residents, the State's courts may entertain the resulting suit." *Id.*

On April 19, 2021, Plaintiff filed a "Motion To Transfer Venue Under § 1404(a)."  (ECF No. 19).  Ford opposes the motion.  The motion was fully briefed as of May 18, 2021.

On May 18, 2021, Plaintiff filed a motion asking for an "expedited ruling" on her Motion to Transfer, and also asked the Court to stay the discovery deadlines in this case.  (ECF No. 22).  Two days later, Judge Tarnow granted that motion asking to expedite the motion to transfer, and stayed discovery.  (ECF No. 23).  Thus, discovery in this case has been stayed since May 20, 2021.  Nevertheless, no ruling was made on the Motion to Transfer and it remained pending.

On November 16, 2021, Plaintiff filed an unopposed motion asking the Court to hold a status conference on her pending Motion to Transfer.  Judge Tarnow granted that request and

held a Status Conference on November 23, 2021. Thereafter, a minute entry stated that the parties had two weeks to file supplemental briefs on the pending Motion to Transfer.

Those briefs were filed on December 7, 2021, and they both reflect that Judge Tarnow asked the parties to file supplemental briefs in order to address a decision that Judge Mark Goldsmith had issued, *Coates v. Ford Motor Co.*, 2021 WL 2207367 (E.D. Mich. June 1, 2021), in another case against Ford.

Before ruling on the pending Motion to Transfer, on January 21, 2022, Judge Tarnow passed away. The case was then reassigned.

## ANALYSIS

Plaintiff brings her Motion to Transfer under 28 U.S.C. § 1404(a), which provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

A district court has broad discretion to grant or deny a motion to transfer a case. *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994).

In making this decision, the Court must determine whether: 1) the action could be brought in the proposed transferee-court; 2) a transfer would promote the interests of justice; and 3) a transfer would serve the parties' and the witnesses' convenience. *Audi AG & Volkswagon of Am., Inc. v. D'Amato*, 341 F.Supp.2d 734, 749 (E.D. Mich. 2004). The movant bears the burden of demonstrating that fairness and practicality strongly favor the forum to which transfer is sought. *Id.*

**I.      Whether The Case Could Have Been Brought In The District Of Colorado**

5

In opposing Plaintiff's motion, Ford asserts that Plaintiff cannot show that the case could have been brought in the District of Colorado "because the Colorado court determined that Ford is not subject to personal jurisdiction in Colorado, which is the law of the case." (Def.'s Br. at 6). That is, Ford contends that Plaintiff's motion must be denied because the Colorado court's decisions regarding personal jurisdiction and transfer (which was also based on personal jurisdiction) "constitute the law of the case." (*Id.*).

The doctrine of the law of the case "states that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991) (quoting *Arizona v. California,* 460 U.S. 605, 618 (1983)). The law of the case doctrine applies to both transfer decisions and substantive decisions, such as a personal jurisdiction ruling. *Id*. "Nevertheless, the law of the case doctrine is a rule of judicial comity rather than one of jurisdictional limitation." *Id.* As explained in *Christianson:*

> A court has the power to revisit prior decisions of its own or of a coordinate court *in any circumstance*, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was "clearly erroneous and would a manifest injustice." *Arizona v. California, supra*, 460 U.S. at 618, n.8, 103 S.Ct., at 1391, n.8 (citation omitted).

*Christianson v. Colt*, 486 U.S. 800, 816 (1988) (emphasis added).

The law of the case can be disregarded when the court has a "clear conviction of error" with respect to a point of law on which a previous decision was predicated. *Id*. "Consequently, law of the case does not limit a court's power to make an independent decision; rather it 'directs a court's discretion.'" *Id*. (citations omitted).

Here, Plaintiff argues that "the Colorado court vacated its Final Judgment dismissing

Ford based on lack of personal jurisdiction. Consequently, there was no decision on the jurisdictional issue that the law of the case doctrine would apply to. However, even if there was a jurisdictional decision that the law of the case could apply to, there exists exceptions that would bar application of the doctrine." (Pl.'s Reply Br. at 2). Plaintiff contends the subsequent controlling authority exception applies. She also asserts that the law of the case doctrine does not preclude reconsideration where a decision is clearly erroneous and would work a manifest injustice. (*Id.*).

The law of the case doctrine does not preclude reconsideration of a previously decided issue where "controlling authority has since made a contrary decision of law applicable to such issues." *Coal Resources, Inc. v. Gulf & Western Indus., Inc.*, 865 F.2d 761, 767 (6th Cir. 1989); *see also Coates v. Ford Motor Co.*, 2021 WL 2207367 at *2 (E.D. Mich. June 1, 2021). As explained by the district court in *Coates*:

> [T]he intervening-change-in-law exception is eminently sensible and deeply rooted in precedent. As Judge Learned Hand wrote nearly a century ago, "it is now well settled that the 'law of the case' does not rigidly bind a court to its former decisions, but is only addressed to its good sense. There can surely be no greater reason for changing our views than because the Supreme Court has directly ruled upon the precise point in the interim." *Higgins v. California Prune & Apricot Grower*, 3 F.2d 896, 898 (2d Cir. 1924).

*Id.* at *3.

Plaintiff contends that, in this case, the Supreme Court's decision in *Ford v. Montana Eighth Judicial District Court* "was decided after the Colorado Court considered Ford's personal jurisdiction question, and the Supreme Court opinion confirms that the Colorado Court's ruling on the jurisdictional issue, if it had not been vacated, would have been in error." (Pl.'s Br. at 2).

This Court agrees that, because an intervening change in the law has rendered the

Colorado district court's personal jurisdiction decision incorrect, it may be revisited as an exception to the law of the case doctrine under this Court's discretion. Thus, this case could be brought in the United States District Court for the District of Colorado, as is required for a transfer under § 1404(a).

Although the intervening-change-in-law exception to the law-of-the-case doctrine provides a sufficient basis to grant Plaintiff's motion, this Court will also briefly address Plaintiff's additional assertion that the Colorado district court's decision was clearly erroneous and resulted in a manifest injustice.

Notably, although Ford opposes Plaintiff's Motion to Transfer, it does not dispute that this Court's application of the law-of-the-case doctrine is a matter within this Court's discretion. And, as was the case in *Coates,* Ford does not argue that the Colorado district court's decision on personal jurisdiction could stand in light of *Ford v. Montana Eighth Judicial District Court*. Rather, it argues that the Colorado district court's decision was not clearly erroneous at the time it was made. This Court rejects that position, for the same reason that the district court in *Coates* rejected it: "Law of the case doctrine is premised on the belief that courts should stand behind their prior decisions, or by the prior decisions of coordinate and superior courts, in the same case. If the Court were to deny this motion, it would be standing behind an incorrect decision, in the present moment." *Coates, supra*, at *6. This Court concludes that, because the Colorado district court's decision as to personal jurisdiction is plainly contravened by *Ford v. Montana Eighth Judicial District Court*, it contained clear error.

The Court also concludes that Plaintiff has demonstrated that a manifest injustice would occur if her motion were denied, for the same reasons articulated in *Coates*. *Id*. at *6-7.

8

## II.     Whether Transfer Would Promote The Interests Of Justice

Ford also contends that the requested transfer would not promote the interests of justice and, in this regard, makes two arguments.

### A.     Judicial Estoppel

First, Ford argues that Plaintiff should be barred, by virtue of the doctrine of judicial estoppel, from arguing that a transfer to Colorado would be in the interests of justice. (Def.'s Br. at 15).

"The doctrine of judicial estoppel prevents a party who successfully assumed one position in a prior legal proceeding from assuming a contrary position in a later proceeding." *Mirando v. U.S. Dept. of Treasury*, 766 F.3d 540, 545 (6th Cir. 2014) (quoting *New Hampshire*, 532 U.S. at 749, 121 S.Ct. 1808)). It is an "'equitable doctrine that preserves the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship, achieving success on one position, then arguing the opposite to suit an exigency of the moment.'" *Id*. (citation omitted).

Three factors are typically required in order for the doctrine to apply. First, a party's later position must be *clearly inconsistent* with its earlier position. Second, the Court inquires whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled. *Id.* A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *Id.*

This Court concludes that, under the circumstances presented here, Plaintiff is not

9

judicially estopped from arguing that a transfer to Colorado would now be in the interests of justice.

Plaintiff's current position is that a transfer to Colorado, following the Supreme Court's decision in *Ford v. Montana Eighth Judicial District Court*, would be in the interests of justice. Her position is consistent with the position she took before the district court in Colorado. There, she strenuously argued that the Colorado court had personal jurisdiction over her case but, if the district court were to conclude otherwise, she would rather have the case transferred to Michigan than have it dismissed. Neither court has been misled by Plaintiff's position.

**B.     Delay In Seeking Transfer**

Second, Ford argues that the motion should be denied because of Plaintiff's alleged delay in seeking a transfer. (Def.'s Br. at 19). Ford states that "[c]ourts consider delay in seeking a transfer when deciding whether to grant a motion to transfer venue, including whether the delay was avoidable, whether the delay will unduly prejudice the opposing party, whether the delay appears to be a dilatory tactic," and other factors. (*Id.*).

Ford asserts that "Plaintiff here sought transfer nine months after the case was transferred here, after the parties have been busy preparing the case for trial. Plaintiff's delay provides another reason why Plaintiff's motion should be denied." (*Id.* at 20).

This Court disagrees.

Plaintiff acted promptly by filing her motion seeking transfer within just a few weeks[1] of the Supreme Court's decision in *Ford v. Montana Eighth Judicial District Court*, that changed

---

[1]In addition, on this record, there is no indication that Plaintiff would have received an earlier ruling had she filed her motion immediately after the Supreme Court's decision in *Ford v. Montana Eighth Judicial District Court*.

the legal landscape as to whether the Colorado court could exercise personal jurisdiction over her case against Ford. As such, Plaintiff promptly filed her motion after the decision that provided the basis for her to seek transfer.

There is no indication that Plaintiff made her transfer request as a delay tactic. Indeed, as soon as her motion was fully briefed, Plaintiff filed a formal motion asking the Court to expedite a ruling on the motion. Judge Tarnow granted that motion to expedite, and stayed discovery. Yet no ruling was made on the Motion to Transfer and it remained pending. Later, on November 16, 2021, Plaintiff filed a motion asking the Court to hold a status conference on her pending Motion to Transfer – presumably to prompt a ruling on the motion. However, Judge Tarnow ordered supplemental briefing by the parties and the motion remained pending. Thus, the docket reflects that Plaintiff did everything within her power to obtain a prompt ruling on her motion from the district court.

**III.   Whether Transfer Would Serve The Parties' And The Witnesses' Convenience**

Finally, Ford argues that an analysis of the factors typically considered by district courts also weighs against the requested transfer.

In assessing a motion to transfer under § 1404(a), a district court takes into account: 1) the convenience of the parties; 2) the convenience of the witnesses; 3) the relative ease of access to sources of proof; 4) the availability of process to compel attendance of unwilling witnesses; 5) the cost of obtaining willing witnesses; 6) the practical problems associated with trying the case most expeditiously and inexpensively; and 7) the interest of justice. *Audi AG & Volkswagon of Am., Inc. v. D'Amato*, 341 F.Supp.2d at 749.

In considering such a motion, the plaintiff's choice of forum is typically given

11

"substantial deference." *Id*. Here, Plaintiff has made clear from day one that Colorado is where she would like her case to proceed. This Court also concludes that consideration of the above factors weighs in favor of that forum.

This is a product-liability case that stems from an automobile accident. The accident at issue occurred in Colorado and the subject vehicle is located in Colorado, and so are the service records for that vehicle.

Witness convenience is one of the most important factors. Plaintiff has identified a number of third-party witnesses, including first responders at the accident scene, and healthcare treaters who have provided treatment to Plaintiff for her alleged injuries, who reside in Colorado, where the accident occurred and where treatment was provided. Additional third-party witnesses also reside in Colorado, such as Plaintiff's grandson, who was in the vehicle at the time of the accident and witnessed the accident, and another individual with knowledge about the accident, along with family, friends, and former co-workers of Plaintiff, who would testify about how Plaintiff's injuries have impacted her life and ability to work.

Convenience of the parties also weighs in favor of Colorado. Plaintiff was a Colorado resident at the time of the accident and she states that her legal residency is still in Colorado. At the time of her deposition in this case, Plaintiff testified that she had been staying at her parents' house in Arizona in order to "take care of their house because their health [was] not good enough for them to come down" that winter. (Pl.'s Dep. at 12-13). Plaintiff indicates she would reside in Colorado during any trial in her case. Moreover, even if that were not the case, Arizona is far closer to Colorado than Michigan. And its appears undisputed that Plaintiff is unemployed and has limited financial means, whereas Ford has the resources to litigate this case in either forum.

12

Accordingly, the Court finds that Plaintiff has met her burden of showing that fairness and practicality strongly favor her requested transfer back to Colorado.

**CONCLUSION & ORDER**

For the reasons set forth above, IT IS ORDERED that Plaintiff's Motion to Transfer Under § 1404(a) is GRANTED and this action is TRANSFERRED back to the United States District Court for the District of Colorado.

IT IS SO ORDERED.

                                                  s/Sean F. Cox
                                                  Sean F. Cox
                                                  United States District Judge

Dated:  March 4, 2022